**Signed: February 14, 2009**

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              No. 08-40399 TG
                                                   Chapter 13
GANICE MORGAN-AUSTIN, DARREN
AUSTIN,

                Debtors.
_____/

GANICE MORGAN-AUSTIN, DARREN
AUSTIN,                                            A.P. No. 09-4070 AT

                Plaintiff,

        vs.

PATELCO CREDIT UNION,

                Defendant.
_____/

### MEMORANDUM OF DECISION

    The above-captioned chapter 13 debtors (the "Debtors") filed the
above-captioned adversary proceeding, seeking to enjoin the
foreclosure sale of their residence (the "Residence") by Patelco
Credit Union ("Patelco"), the holder of a first deed of trust on the
Residence.  On February 9, 2009, the Court heard and granted a
temporary restraining order, setting a hearing on the application for

a preliminary injunction for February 19, 2009 at 3:00 p.m. with additional briefs to be filed by February 13, 2009. After reviewing the evidence and argument submitted, including the reply briefs, the Court concludes that a preliminary injunction should be issued conditioned on satisfactory future payments being made. The reasons for the Court's conclusion are set forth below. Given the nature of the expedited relief sought, none of the findings of fact or conclusions of law are final rulings and are controlling only for purposes of this proceeding.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

The Debtors filed a chapter 13 bankruptcy case on July 11, 2007, Case No. 07-42148. Patelco obtained relief from the automatic stay in this case on November 28, 2007. Patelco filed an objection to the Debtors' plan. On December 15, 2007, an agreed order was filed resolving the objection. On December 17, 2007, an order was entered confirming the Debtors' plan. On December 17, 2007, a declaration was filed by Patelco, stating that the Debtors were in breach of the agreed order. On January 29, 2008, the Debtors filed a motion to dismiss the bankruptcy case. The order was granted, and the case was dismissed on January 11, 2008.

On January 29, 2008, the Debtors filed the above-captioned case. On the same day, they filed a chapter 13 plan (the "Plan"). The Plan proposed to pay the chapter 13 trustee $1,000 per month for six months and $3,796 per month for fifty-four months. The Plan provided that the Debtors would make the post-petition payments to Patelco directly. The bankruptcy schedules, which were filed with the

2

petition, valued the Residence at $990,000 with secured claims equaling its value. The balance of Patelco's claim was scheduled as $733,000.

Because the Debtors had two cases pending within one year, the automatic stay was due to expire 30 days from the petition date unless extended by the Court. The Debtors filed a motion to extend the automatic stay on February 8, 2008. Patelco filed an opposition to the motion, and a hearing on the motion was scheduled for February 28, 2008. At the hearing, Patelco contended that the filing of the current case violated 11 U.S.C. § 109(g) and had to be dismissed. The Court agreed that the Debtors were required to establish changed circumstances to maintain the case. The Debtors contended that Mrs. Morgan-Austin, a real estate agent, had obtained additional employment and that this constituted sufficient changed circumstances.

At the conclusion of the hearing, as a condition of continuing the automatic stay, the Court ordered the Debtors to provide evidence to Patelco by March 7, 2008 of Mrs. Morgan-Austin's new employment. If she failed to do so, the motion to extend the stay would be denied. The Court further ordered that, if evidence were provided by the specified date, the continuation of the automatic stay would be further conditioned on the Debtors making the post-petition payments when due or within the applicable grace period with a ten day notice to cure in the event of a default. In addition, the Debtors were required to pay $10,000 to Patelco by April 28, 2008. There was no grace period or ten day cure period with respect to this payment.

3

Case: 09-04070    Doc# 13    Filed: 02/14/09    Entered: 02/17/09 14:38:39    Page 3 of 13

The Debtors were ordered to comply with all of the other terms of the loan and security agreement.

Patelco asked the Court to allow this $10,000 payment to be applied to the pre-petition default in view of the prior case. The Court refused to make this provision a condition of the order. There was no discussion of conditioning the continuation of the automatic stay on the Debtors remaining current to the chapter 13 trustee. There was also no discussion of the amount of attorneys' fees to which Patelco would be entitled in the event of a breach.

An adequate protection order was submitted to the Court on or about April 16, 2008 (the "Adequate Protection Order"). The Debtors did not object to the form of the Adequate Protection Order despite the fact that it was inconsistent with the Court's oral order in at least three respects: (1) the proposed Adequate Protection Order provided that the $10,000 payment would be applied to the pre-petition default; (2) the Adequate Protection Order provided that continuation of the stay would be conditioned on the Debtors remaining current to the chapter 13 trustee;[1] and (3) the Adequate Protection Order provided that, in the event of a breach of the Order, the sum to cure the breach would include the sum of $485 or,

_____

[1]Because this provision was improperly included in the Adequate Protection Order, the Court will omit any discussion of the Debtors' defaults based on their failure to keep their plan payments current. However, the Court notes that hearings are currently scheduled for March 20, 2009 on the chapter 13 trustee's motion to dismiss the case on this ground and on the Debtors' objection to the claim of Wells Fargo Bank, N.A., a junior secured creditor on the Residence.

4

if Patelco obtained relief due to the breach, $85 would be added to the secured claim.

In the absence of an objection to the form of the Order, the Court signed it without noting the discrepancies. An Amended Adequate Protection Order was later submitted to the Court. It did not correct the discrepancies nor did the Debtors object to its form at this time either. The Amended Adequate Protection Order was signed and entered on May 22, 2008 (hereinafter the "Adequate Protection Order").

The Plan was confirmed on April 22, 2008. Patelco apparently received adequate evidence of Mrs. Austin-Morgan's additional employment and payment of $10,000 by an acceptable date. However, on May 23, 2008, Patelco filed a declaration re breach of the Adequate Protection Order (the "May 23 Declaration Re Breach"). The May 23 Declaration Re Breach stated that the Debtors were in default of the Adequate Protection Order: (1) by failing to make one of the bi-monthly payments for March 2008 and all of the monthly payments for April 2008 and May 2008, and (2) by failing to make the plan payments to the chapter 13 trustee for April and May 2008. Including late fees, the cure amount was stated to be $9,468.50. The Debtors were given ten days' notice to cure these defaults.

The Debtors filed an opposition to the May 23 Declaration Re Breach. In the opposition, they asserted that they had mailed their chapter 13 payments to Tennessee as instructed by the chapter 13 trustee. They noted that payments were withdrawn from their account by Patelco on a bi-monthly basis in the amount of $1,787. They

5

asserted that they could not determine the correct nature of the default on the post-petition payments to Patelco as the amounts stated by Patelco were not consistent with their records. They surmised that Patelco might have increased the amount of their monthly payments without giving them notice as required by the promissory note (the "Note). They asserted that they had sufficient funds to cure any defaults once the correct amount had been ascertained. No hearing was ever scheduled to resolve this dispute. However, Patelco did not attempt to proceed with its foreclosure at that time.

On November 19, 2008, Patelco filed a second declaration re breach of the Adequate Protection Order ("November 19 Declaration Re Breach"). The November 19 Declaration Re Breach stated that the Debtors were in default for one of the bi-monthly payments for August 2008 payment and for all of the payments for September through November 2008 for a total of $12,508.30. Patelco also asserted that the Debtors were in breach of the Adequate Protection Order as a result of being delinquent on their plan payments due to the chapter 13 trustee for August through November 2008. Patelco issued a notice of sale (the "Notice of Sale") on January 14, 2009, scheduling a foreclosure sale of the Residence for February 11, 2009. The Debtors filed this adversary proceeding against Patelco on February 3, 2009.

DISCUSSION

The complaint seeks damages, an accounting, an injunction, and declaratory relief. The complaint and the application for a temporary restraining order and preliminary injunction assert three

Case: 09-04070   Doc# 13   Filed: 02/14/09   Entered: 02/17/09 14:38:39   Page 6 of 13

claims for relief. First, they contend that the Notice of Sale violated Cal. Civ. Code Cal. Civ. Code § 2924.8. Second, they contend that Patelco breached its contract with the Debtor by increasing their monthly payment more frequently than permitted and without giving them prior notice. Third, they contend that Patelco's November 19 Declarations Re Breach overstated the cure amount, so that the Debtors were not given an adequate opportunity to cure any default. As a result, they contend Patelco is not entitled to relief from the automatic stay. Instead, the Debtors should be given proper notice of the cure amount and a reasonable opportunity to cure. The Court will address each of these claims in turn.

**A. VALIDITY OF NOTICE OF SALE**

Because of the national epidemic of foreclosures on home mortgages, in July 2008, the California legislature enacted emergency legislation, requiring lenders to attempt to negotiate workout agreements on loan defaults before commencing or continuing foreclosure proceedings. See Cal. Civ. Code §§ 2923.5, 2923.6, 2924.8, and 2929.3. The legislation was effective immediately. The legislation did not require lenders such as Patelco, who had already recorded notices of default, to re-record those notices after attempting to negotiate. However, it did require such lenders, who had not yet recorded notices of sale, to attempt to negotiate before recording a notice of sale. There is no dispute that Patelco made no attempt to negotiate with the Debtors before recording Notice of Sale on January 14, 2009.

7

Patelco contends that the legislation exempted them from any obligation to negotiate with the Debtors before recording a Notice of Sale because the Debtors were at that time still debtors in a bankruptcy case. The specific provision upon which they rely is Cal. Civ. Code § 2923.5(h)(3) which states as follows:

> (h) Subdivisions (a), (c), and (g) shall not apply if any of the following occurs:
> ......
> ......
> (3)  The borrower has filed for bankruptcy, and the proceedings have not been finalized.

It is undisputed that the Debtors' bankruptcy case was still pending at the time Patelco recorded the Notice of Sale. The Debtors contend that the exemption did not apply because the bankruptcy case had been finalized as to Patelco. Patelco had obtained relief from the automatic stay and had never filed a proof of claim in the case. Patelco contends that the phrase is clear and exempts it from compliance unless the bankruptcy case has been dismissed.

There is some appeal to the Debtors' argument. The exemption may have been created in recognition of the difficulty created by the automatic stay with respect communications between creditors and debtors. Once the automatic stay has been vacated, the Debtors contend, the exemption no longer serves any purpose. On the other hand, Patelco argues instead that the exemption reflects the legislature's recognition that the bankruptcy process provides an adequate opportunity for negotiation.

The Court has no way to determine the legislature's intent in this regard. It can only construe the statutory language as it would

8

be commonly understood. Doing so, the Court finds Patelco's construction of the language more plausible. Therefore, the Court concludes that Patelco did not violate Cal. Civ. Code § 2924.8 when it recorded the Notice of Sale without first attempting to negotiate with the Debtors.

## B. IMPROPER INCREASES OF INTEREST RATE

The Debtors contend that Patelco breached their contract by increasing the interest rate in a manner contrary to the terms of the Note. The Note, which is dated January 16, 2004, calls for monthly payments of $3,573.80 beginning on March 1, 2004 with interest at the yearly rate of 3.875%. Paragraph 4 of the Note provides that the interest rate (and thus the monthly payments) will change on the first day of February 2007 and every twelve months thereafter. It provides further that the holder of the Note will deliver or mail to the Debtors notice of any changes before the effective date of the change, the notice to include the amount of the monthly payment.

The Debtors contend that no notice was given of a proposed interest rate change on February 1, 2007. Instead, notice of a change was provided on August 7, 2007, increasing their interest rate to 5.8750% per year and their bi-monthly payment to $2,211.56. However, they contend that Patelco breached this provision of the Note in February 2008, just after this bankruptcy case was filed, by increasing the interest rate again, to 6.125% per year without any prior notice. This caused the monthly payment to increase to $2,265.96. The bank statements for February 2008 through August 2008 reflect these increases.

9

Case: 09-04070    Doc# 13    Filed: 02/14/09    Entered: 02/17/09 14:38:39    Page 9 of 13

Patelco has provided no evidence that prior notice was given of this increase. Instead, Patelco has apparently agreed to back out all interest rate increases including the increase of which it gave notice on August 7, 2007.[2] Thus, this claim is apparently moot.

## C. INACCURACY OF DECLARATION RE BREACH

The Debtors contend that the November 19 Declaration Re Breach misstated the amount of the default and was thus invalid so that Patelco does not have relief from the automatic stay. The Court agrees. The problem appears to have been caused by Patelco's improper inclusion in the Adequate Protection Order of a provision the Court expressly disallowed at the February 28, 2008 hearing, i.e., that the $10,000 payment by the Debtors could be applied to the pre-petition defaults.

The November 19 Declaration Re Breach stated that the Debtors were three and one-half months delinquent on their post-petition mortgage payments: i.e., a one-half payment for August 2008 and a full payment for September through November 2008 for a total delinquency of $12,508.30. Attached to the declaration of Ester Carino, Patelco's custodian of records, is an accounting of the payments received from the Debtors from February 11 to November 19, 2008 ("Patelco's Accounting"). This period consists of ten months, requiring twenty bi-monthly payments of $1,786.90 each for a total of $35,738.00. Patelco's Accounting reflects the receipt during this period of fourteen payments of $1,786.90 each for a total of

---

[2]In January 2009, Patelco gave the Debtors notice that their interest rate and thus their bi-monthly payment would decrease.

10

$25,016.60.[3]  However, Patelco's Accounting does not reflect receipt of the $10,000 payment made by the Debtors on May 1, 2008, which was presumably improperly applied to the pre-petition debt.  If the $10,000 payment had been properly applied, the cure amount would have been only $721.40.  Presumably, the Debtors could have made this small cure payment in a timely fashion.

As it was, the Debtors attempted to cure this improper amount by tendering a check for $12,508.30.  Unfortunately, due to a banking error, the payment did not clear.  Patelco refused to accept a later tender of $10,735.  Either amount would have been significantly in excess of the amount properly due, even when the first bi-monthly payment for December 2008 is taken into account.

Thus, the Court concludes that the November 19 Declaration Re Breach was invalid and that Patelco does not have relief from the automatic stay.  Moreover, the Court will direct Patelco to submit an Second Amended Adequate Protection Order containing only those provisions which the Court approved at the February 28, 2008 hearing. A tape of the hearing may be obtained from the Court at a nominal expense to ensure that the order submitted accurately reflects the Court's ruling.[4]

----

[3]In its calculations, the Court has relied on Patelco's accounting of the payments made.  In their reply brief, the Debtors assert that this accounting does not given them credit for various payments and overpayments made from May to August 2008.  The bank statements support this assertion.  Patelco should clarify this apparent discrepancy.

[4]In its reply brief, Patelco again relies in part on the Debtors' default with respect to the case in general.  Since there should not have been a provision in the Adequate Protection Order

11

Since Patelco has refused the Debtors' recent tenders of cure payments, the Debtors are now in default of additional post-petition payments. The Court directs the Debtors to be prepared to make a reasonable proposal for cure of these payments at the hearing on February 19, 2009.

## CONCLUSION

For purposes of this application, the Court concludes that the Notice of Sale was not invalid based Patelco's failure to comply with the provisions of Cal. Civ. Code § 2924.8. The Court concludes that Patelco's breach of contract claim based on improper rate increases is moot. Finally, the Court concludes that the November 19 Declaration Re Breach grossly overstated the cure amount so that Patelco is not entitled to relief from the automatic stay and that the Adequate Protection Order significantly misstated the Court's oral order and should be amended. The application will be granted on conditions to be set at the February 19, 2009 hearing.

END OF DOCUMENT

---

requiring the Debtors to maintain payments to the chapter 13 trustee, these defaults will be addressed at the hearing on the trustee's motion to dismiss the case rather than as part of this adversary proceeding. Moreover, it is not clear to the Court to what extent Patelco's improper application of the $10,000 may have contributed to the Debtors' defaults to the trustee.

12

COURT SERVICE LIST

Marc Voisenat
Law Offices of Marc Voisenat
1330 Broadway #1035
Oakland, CA 94612

Reilly D. Wilkinson
Scheer Law Group, LLP
155 N. Redwood Drive, Ste. 100
San Rafael, CA 94903

Daniel S. Vaughan
Law Offices of Daniel S. Vaughan
1485 Enea Ct. #1330
Concord, CA 94520

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004

13